NEW-YORK,
May, 1810.

PRATT
v.
HACKETT.

---

## PRATT *against* HACKETT.

*The submission to arbitration was so that the award, &c. should be delivered to the parties in difference, on or before a certain day; in an action on the bond the defendant pleaded, that no award was ready to be delivered to the parties, &c. and the plaintiff replied, that tho' no award was ready to be delivered to the defendant, yet that an award was made, and ready to be delivered to the plaintiff, and was delivered to him; this replication, on demurrer, was held bad. The authority given by the submission must be strictly pursued.*

THIS was an action of debt, on an arbitration bond, conditioned to abide and perform the award of three arbitrators named, or any two of them, to be made in writing, under their hands and seals, ready to be delivered to the parties in difference, on or before the 20th *December*, 1808.

The defendant pleaded, 1. no award ; 2. that no award under the hands and seals of the arbitrators, or any two of them, was on or before the 20th *December*, 1808, ready to be delivered to the defendant, &c.

The plaintiff replied to the *first* plea, setting forth the award ; to the *second* plea, that although it was true, no award of the arbitrators, or any two of them, under their hands and seals, was, on or before the said 20th day of *December*, ready to be delivered to the said defendant ; yet that the said arbitrators, before that day,

to wit, on, &c. having taken on themselves the burden
of the award, &c. made and published their award, un-
der their hands and seals, upon the premises, ready to
be delivered to the plaintiff, and did, in fact, on the,
&c. deliver their said award to the plaintiff, &c. (setting
forth the award.)

To this replication there was a general demurrer and
joinder.

*Weston*, in support of the demurrer. The delivery
of the award to *both parties* is, by the terms of the
submission, a condition precedent to any right of action
on the award. The arbitrators are bound to pursue
the terms of the submission. The submission is their
authority, and it must be strictly observed. If it had
been, that the award should be by indenture, it would
have been requisite that the award should be indented.

In *Block* v. *Palgrave*,* where the submission was,
that the award was to be delivered to *either* of the
parties, it was decided, that it must be delivered to
*both.*

* *Cro. Eliz.*787.
885. S. P. 1 Ld.
*Raym.*115. *Kyd*,
115, 116.

*Skinner*, contra. Agreements of this kind are not
to be taken strictly, but are to be construed largely and
liberally.† The delivery of the award to each party
does not affect or touch the merits, or the right of ac-
tion under the award.

† 1 *Bac. Abr.*
*Arbit.* B.

It is enough to deliver the award to the party in whose
favour it is given.

The cases cited do not establish a contrary doctrine:
they turn on the construction of the words *either* and
*or.*

KENT, Ch. J. In the case of *Munro* v. *Allaire*,‡ it
was decided, that it was not necessary to aver, that
the award was ready to be delivered; but it was suf-

‡ 2 *Caines*, 320.
326.

NEW-YORK,
May, 1810.

ficient to allege that the arbitrators made and published this award, and the delivery would be implied.

*Skinner.* That case does not decide the point now raised, for the replication states that the award was ready to be delivered to the plaintiff.

*Per Curiam.* The demurrer in this case is well taken. The authority given by the submission must be pursued. As the bond provided that the award must be ready to be delivered *to the parties*, it is no award until it is so ready; and though the cases (2 *Caines*, 326. *Cro. Car.* 541. *Hard.* 399. 1 Ld. *Raym.* 114.) have gone so far as to hold, that the making of the award was presumptive evidence, that it was ready for delivery; yet here that presumption is destroyed by the direct averment in the replication, that the award was not ready for delivery to the defendant, but was only ready for delivery to the plaintiff.

Judgment for the defendant.