Overton, J.
 

 delivered the following opinion of the court.
 
 *
 

 Suit was brought by Jabob Peck in the federal court against Eddington and Kerby. In order to settle the dispute, the parties entered into a bond to submit the matter to arbitration
 
 ;
 
 and in this bond it was expressed that the defendants should retain possession of the land, let it be determined as it might. At this time both parties claimed a right of occupancy, and besides, Peck claimed under a grant from North Carolina. The land is situated south of French Broad and Holston. The arbitrators awarded that the right of the land was in Peck, and that the defendant should pay him a certain amount in property as the value of the land, upon which Peck should convey his right, and in case the grant from North Carolina should be adjudged good, he was to convey that also.
 

 It appeared that the defendant was in possession on the 6th of February 1796. The property was tendered to Peck, but it was mutually agreed that no reliance should be placed on the tender. The case comes here on a
 
 caveat.
 
 The plaintiff relies on the award, and in support of it cited Kyd on awards, last ed. 61, 62, 351 n 139, 171, 176, 203, 213. Hardin’s Rep. 397 8 9, 400-1-2-3, Peake’s Ev. 80, 87, Barne’s notes 54.
 

 It appeared that the arbitration bond was executed by Adam Peck as agent of Jacob Peck, and since the arbitration, the right of Jacob Peck became vested in Adam Peck by marshal’s sale under an execution.
 

 
 *332
 
 On a caveat, equitable as well as legal questions come into view.
 

 On the part of Eddington it has been insisted—
 

 First. that the award does not pursue the submission. The submission is between Adam Peck and the defendant, and yet the arbitrators have awarded the right of the land to be in Jacob Peck.
 

 Second. Adam Peck had a grant from the state of North Carolina, issued many years ago, besides his claim of occupancy. It was awarded that if that grant should hereafter be adjudged good, Peck should convey to Eddington on being paid. Thence it appears, that a contingency was contemplated, and therefore the award could not be final, which it should be to render it valid. Kyd 124.
 

 Third. It must have been the old grant from North Carolina that the arbitrators had under consideration, and not the right of occupancy. It is agreed on all hands, that Eddington was in possession on the 6th of February 1796, which agreeably to the constitution, gave him an indisputable right of occupancy. And a mistake in a point of law, which was not doubtful, is a sufficient cause to set aside an award. Kyd
 
 350.
 
 1 P. Ev. 87.
 

 Fourth. The award is conditional, not final. The submission was on condition that Eddington was to retain possession of the land.
 
 K
 
 yd 63 6 Johns. 14.
 

 Fifth. The defendant has his remedy on the bond of submissio
 
 n;
 
 and that is the reason.
 

 Sixth, that an award cannot operate as a conveyance of land. The first objection is a mere point of formality. Adam Peck acted as the agent of Jacob Peck. This agency is not disputed. The arbitrators proceeded on the ground of a dispute between Jacob Peck and the defendant. The parties were present, and made no objection that the authority of Adam Peck was not shown. An exception comes too late now.
 

 It evidently appears that the arbitrators did pursue the submission. For by that, Edington was to hold possession and if the right should be awarded to Peck, he was to be paid, so that it appears, that nothing but the right and the manner in which it should be settled, if in Peck, was submitted. As to the right to the land the award was final.
 

 When the parties agreed to wave the tender, it was no doubt expected by the defendant, that the question before the jury on the caveat, would be relative to the right, independent of the award. But it will be remarked, that it was not agreed to set aside the award
 
 in tote.
 
 Every other part
 
 *333
 
 of the award, except that which related to the payment for the land was left in the situation in which the law would place it. The idea with the defendant, must have been that the person in possession on the 6th of February 1796, would acquire the right of occupancy in exclusion of every equitable consideration, in relation to others not in possession. The same notion has occurred in other cases, and has been demonstrated to be erroneous. Rights of occupancy, were subjects for amicable discussion, and settlement, and the doctrine of awards in general well applies. Nor is it perceived by the court, that there is such a plain mistake as to matter of law, as has been insisted on. These domestic tribunals by arbitration, deserve to be encouraged. It must be a palpable and gross mistake indeed, that would induce a court to set aside an award.
 

 The fourth objection is not sustainable. This condition in the submission was made for the benefit of the defendant.—If he did not chuse to comply with it, it shall not lie in his mouth, to make it a ground to set aside the proceedings—Besides, an award may be good in part, where, that part is capable of being separated, by not being dependent on other parts of the award.
 

 Nor is the fifth objection, that the plaintiff has his remedy on the bond available. In the same manner it may be alledged, if a person have a bond for a title to a piece of land, and the obligor having the title, refuses to convey, he may have his remedy for damages. The act of arbitrators is completely the act of the party himself, and is as effectual as if he had given his bond to make a title. In both these cases, it is no answer, that you may have damages in lieu of the land
 
 ;
 
 for it is admitted by the award in one case, and the bond in the other, that the right is to be conveyed as designated.
 

 The sixth objection stands on no firmer ground than the others. In England, where, to constitute a valid conveyance, a formal deed of bargain and sale is not necessary, though an award of the right of land cannot operate as a conveyance, the courts would not permit a party to dispute it in ejectment. It is highly probable that will be found to be the law in this country; but it is not now necessary to decide this question.
 
 A
 
 caveat, as a method of proceeding, is analogous to a suit in equity; and this award ought to be taken into consideration in determining who has the right to the land. If no other objections can be made than those brought forward, it ought to be conclusive.
 

 Judgment for the plaintiff.
 

 *
 

 Absent,
 
 White,
 
 J.