Ott v. Schroeppel.

SAME TERM.    *Before the same Justices.*

OTT *vs.* SCHROEPPEL.

The plea of *nil debet* is an appropriate plea to an action of debt on an award, and is the general issue; putting in issue every allegation in the declaration.

Consequently, under the issue upon the plea of *nil debet*, the plaintiff is bound to prove a legal and valid award.

When the defence consists of matter of fact merely amounting to a denial of such allegations in the declaration as the plaintiff would, under the general issue, be bound to prove, in support of his case, a *special plea* is bad, as being unnecessary, and amounting to the general issue.

The plea of no award, to an action of debt on an award, is therefore bad, as amounting to the general issue.

Where an arbitration bond contained a condition that the award should be ready to be delivered by a specified day, a plea to an action of debt upon the award, which averred that on the last day for making it, the defendant requested the arbitrators to deliver the award, but that they neglected to do so, *held* good, on demurrer, as it stated a new and independent fact, and was not merely the denial of a fact which the plaintiff was bound to prove.

The rule declaring a special plea bad when it amounts to the general issue, does not prohibit a party from pleading specially all matters that are admissible under a plea of the general issue, but only such as constitute a mere *denial* of what the plaintiff is bound to prove, in the first instance.

Where parties agree to submit to the award of arbitrators, among other things, the question how much had been paid on a certain contract, at the date of the sub-

Ott *v.* Schroeppel.

mission, which in justice should be applied thereon, *so as* the award be made in writing, subscribed, &c. and ready to be delivered on or before, &c. the submission of the other matters is upon the *condition* that the arbitrators shall settle how much has been paid upon the contract, up to the time of the submission; and if they, in making their award, omit to determine that question, the condition on which the party agreed to be bound by the award has not been fulfilled, and the award is void.

Where a submission to arbitrators confers an authority upon them, *on condition* that they shall settle the whole dispute; or where it contains an *ita quod* clause, the case is an exception to the general rule that awards are entitled to a very liberal construction; and the arbitrators are held to more than ordinary strictness, in pursuing the terms of the submission.

Arbitrators are not bound to deliver their award, until their fees have been paid.

But when an award is ready to be delivered, on payment of the fees of the arbitrators, it is ready to be delivered to the parties, within the legal meaning of a provision in the bonds of submission requiring the award to be made and ready to be delivered, within a certain time.

DEMURRER by the plaintiff to the 3d, 4th and 6th pleas of the defendant, and by the defendant to the replications to the 2d and 5th pleas. The action was debt upon an award. The facts are stated in the opinion of the court.

*L. Morgan,* for the plaintiff.

*J. R. Lawrence & J. F. Sabine,* for the defendant.

*By the Court,* GRIDLEY, J. This is an action of debt on an award, and the declaration contains two counts. The defendant pleaded *nil debet* to the whole declaration; four special pleas to the first count, and one to the second. The *third* and *sixth* pleas are respectively pleas of no award. To these pleas the plaintiff has demurred, and assigned as one of the causes of demurrer that the pleas amount to the general issue.

I. The plea of *nil debet* is an appropriate plea to an action of debt on an award, and is the *general issue,* putting in issue every allegation in the declaration. (1 *Saund. Pl. & Ev.* 180, 181. 1 *Ch. Pl. ed. of* 1837, *p.* 124, 517. 8 *Cowen's Rep.* 235. 7 *Id.* 522.) The plaintiff, therefore, is bound to prove a

VOL. III.	8

Ott *v.* Schroeppel.

legal and valid award, under the issue upon the plea of *nil debet.* Now it is an established rule of pleading that when the defence consists of matter of fact, merely amounting to a denial of such allegations in the declaration as the plaintiff would under the second issue be bound to prove in support of his case, a special plea is bad, as unnecessary and amounting to the general issue. (1 *Chit. Pl.* 557, *and cases there cited, and cases cited in the note,* 950.) We see no escape, therefore, from the conclusion, that the plea of no award, to an action of debt on an award is bad, as amounting to the general issue.

II. The fourth plea admits the making of the award, but avers that on the last day for making it, the defendant requested the arbitrators to deliver the award, but that they neglected to do so. It was a condition of the bond that the award should be ready to be delivered to the parties on that day ; and it is abundantly established by authority that a neglect to deliver on request disproves the allegation that it was ready to be delivered according to the conditions, on the happening of which the award was to be binding. (*Cald. on Arbit.* 200. 10 *John. Rep.* 146, 327. 1 *Saund. Rep.* 337, *b, note* 3. 2 *Id.* 87, *b, n.* 1. 3 *Id.* 190, *note* 3. *Buck* v. *Wadsworth,* 1 *Hill,* 321.) But it is argued that this plea, though good in substance, is bad on special demurrer, as amounting to the general issue. It is said with some plausibility in support of this argument, that the fact which constitutes the *gist* of the plea, is no more than a denial of a *readiness to deliver,* which readiness the plaintiff must establish affirmatively, on the trial. The answer to this argument is, that a *readiness to deliver* calls for no distinct proof from the plaintiff, independently of the making of the award ; nor need the fact be averred in the declaration. (*See Bradsey* v. *Clyston, Cro. Ch.* 541. 1 *Saund. Pl.* 327, *b, n.* 1 *Saund. Pl. & Ev.* 180.) The plea therefore states a new and independent fact, and is not merely the denial of a fact which the plaintiff is bound to prove ; and in several of the cases cited above, it was expressly held that the fact must be pleaded specially, and that the evidence of it could not be otherwise admitted. But if the fact *might* be given in evidence under the plea

of nil debet, when the action is brought upon the award, it does not therefore follow that a special plea setting up this fact is bad. The rule does not prohibit a party from pleading specially all matters that are admissible under a plea of the general issue, but only such as constitute a mere *denial* of what the plaintiff is bound to prove in the first instance. The demurrer to this plea is therefore not well taken.

III. The second plea avers that the parties, by the bonds of submission, stipulated to submit to the award of the arbitrators, not only the matters mentioned in the declaration, but also "the amount which he had actually paid upon a certain contract between the said Schroeppel, of the one part, and the said Edward and Joseph Ott of the other part, of date March 1, 1835, which in justice should be applied thereon," &c. "*so as* the award be made in-writing subscribed by the arbitrators, or any two of them, and attested by a subscribing witness, and ready to be delivered," &c. The plea further states, that although evidence was given to the arbitrators concerning the amount that had been paid on the said contract, yet the said Whitney, Dalloway and Grant did not on or before, &c. make an award in writing, &c. and ready to be delivered, &c. stating the amount actually paid upon the said contract, &c. To this plea the plaintiff replied, that the above named arbitrators *did* on, &c. make and publish their award in writing, subscribed, &c. and attested by S. B. Ludlow, a subscribing witness as to the signatures of said Dalloway and Grant, " of and concerning the amount which had actually been paid upon the said contract, and which in justice should be applied thereon, *and did* then and there endorse the amount so found, on said contract, ready to be delivered to the said parties, &c. *and did thereby award and determine that the whole amount which had been paid actually on said contract up to the 1st day of* January, 1841, amounted to the sum of $530,62, as by said award and endorsement would appear." To this replication the defendant demurred, and assigned several special causes of demurrer.

We are of the opinion that the replication is bad in substance,

for the reason that it sets out *no award* determining how much had been paid upon the contract, mentioned in the bonds of submission, *at the time when these bonds were executed.* I have on a former occasion, and in another tribunal, had occasion to express my opinion concerning this award, and have not since seen any reason to change it. The following is an extract from the opinion delivered in that case :

" I think that the award in the pleadings and proofs mentioned was void, for the reason that certain particular matters were submitted which were not embraced in the award. I am aware of the general rule, that awards are entitled to a very liberal construction ; and many cases are cited in 2d of Cowen & Hill's Notes, pp. 1027, 1028, in support and illustration of this principle. The learned annotators however add, in the succeeding paragraph, that cases where the submission contains an authority on *condition* that the arbitrators shall settle the *whole dispute,* or in other words those containing the "*ita quod*" clause, are an exception to this rule ; and that in this class of cases, arbitrators are held *to more than ordinary strictness* in pursuing the terms of the submission. This greater strictness is exacted, according to Le Blanc, judge, (7 *East,* 81,) upon the ground that by the terms of the contract the one party agrees to submit *one* subject on condition that the *other* will submit *another ;* and then unless the award embrace both subjects the condition fails. The parties, after submitting several specified matters, agree to abide an award, "*so as*" it be made by a certain day, &c. This is held to be on the condition that the arbitrators make an award as to matters thus *submitted to them.*

" By the fair construction of the submission in this case the parties agreed to submit to the award (for the " decision" of arbitrators *is* an award as clearly as the decision of a judicial tribunal is a judgment) of the arbitrators named in the bond of submission, the question how much had been paid on the contract therein mentioned, at the date of the said bonds, which in justice should be applied thereon. There is no award on this subject at all. The endorsement on the contract is not an

Ott *v.* Schroeppel.

award witnin the submission, and does not even profess to be, inasmuch as the arbitrators, in the very endorsement, allude to the award as the authority for endorsing the sum in question. Again; the endorsement itself does not *profess* to state how much had been paid, and should be endorsed, except up to January 1, 1841; leaving it entirely undecided and an open question upon any future suit on the contract, whether any thing, and how much had been paid after that date and before the date of the bonds of submission. Now upon the principles stated in 7 *East*, 88, Schroeppel may say that he agreed to submit the other matters named in the submission *on the condition* that he should have it settled, how much Ott had paid on said contract up *to the date of the bonds* of submission, and inasmuch as the award omits to settle that sum, he has lost the benefit which he expected to derive from the arbitration; and further, that the condition on which he agreed to be bound by the award has not been fulfilled. Being satisfied that the award is void, for this reason, I have not examined the other grounds on which it has been argued that it was void. (*See* 5 *Cowen's Rep.* 197.)"

It may be proper to add here, that the cases cited on the argument, to the effect that, upon a general submission of " *all matters,*" an award, concerning only *one matter*, would be good upon the ground that it would not be presumed that any other matter existed between the parties, differ from this case in two important particulars. (1.) The amount that had been actually paid on the contract in question was *specially submitted*, and evidence was given upon the subject; for this reason it should have been passed upon; and therefore no presumption can arise to excuse the omission to make an award on this particular matter. (2.) The analogy wholly fails when it is sought to *construe* the finding by the arbitrators of the amount that had been paid on the 1st of January, 1841, as an *award*, and fixing the amount that had been paid on the 28th of December, 1842. It is said that it will not be presumed that there were any payments intermediate the two dates. That, however, is not the question here. We do not know whether there were

Ott *v.* Schroeppel.

or not. The arbitrators, by *specifying* how much had been paid up to the 1st of January, 1841, take away all room for presuming that they intended to find how much had been paid during the two succeeding years. They tell us by the strongest possible implication, that they do not mean to make any determination as to the amount that had been paid down to the 28th of December, 1842. Now the adjudication of *that fact* may have formed the strongest motive of the defendant in entering into the submission. It is quite probable that the plaintiff had become the sole owner of the contract in question, and in some future litigation it may become an important question how much had been paid on the 28th of December, 1842. Now on such an issue, or upon any issue, involving the question of payments after the 1st of January, 1841, this award would be merely evidence of what had been paid upon the last mentioned day, and would not afford even prima facie evidence upon the question of subsequent payments. And for aught we know the plaintiff might prove that before the 28th of December, 1842, the whole contract was entirely paid up, by money, goods or services agreed to be applied as payments upon it. We cannot know but it was to settle precisely such a controversy that the submission was made. We only know that it was made an *express condition* that the arbitrators were to *hear evidence* and *decide* as to how much had been paid on the said contract at the date of the bonds—and that the arbitrators have made no such award as the bonds of submission required. We regard this objection as fatal to the replication, and therefore have not particularly examined the other questions raised by the demurrer; but we are inclined to believe that there are other difficulties besides the one we have considered, which will be found to be insurmountable.

IV. The question involved in the demurrer to the replication to the fifth plea, is whether arbitrators are justified in withholding an award until their fees are paid. We are referred to the case of *Musselbrook* v. *Dunkin*, (23 *Eng. Com. Law Rep.* 395,) *Macarthur* v. *Campbell*, (27 *Id.* 117,) *Dossett* v. *Gingell*, (40 *Id.* 668,) and *Moore* v. *Darley*, (50 *Id.* 444,) to show that in

Ott *v.* Schroeppel.

England it is the practice for arbitrators to demand their fees before delivering their award. And though these were cases of arbitrations under the provisions of certain statutes which provide for referring pending causes to arbitrators; and though in some of them, there was a provision for the payment of the arbitrators' fees, in the agreement of submission, and though this precise question was not presented in any one of them, yet it is difficult to deny—allowing these decisions to be good law—that when an award is ready to be delivered on payment of the fees of the arbitrators, it is ready to be delivered to the parties within the legal meaning of this provision in the bonds of submission. There is also another view of this question which leads us to a similar conclusion. It was decided in 1 *Denio,* 188, that arbitrators could maintain an action for their fees without any provision in the bonds to that effect; and such a suit was maintained against one of the parties who had revoked the bond before the award was made. This establishes the right of arbitrators to their fees on the same ground as any employee is entitled to recover for services rendered; and that the submission to the arbitrator is evidence of his employment by the party. It is difficult, therefore, to see any greater obligation of an arbitrator to deliver an award without his fees are paid, than an attorney or scrivener is under to deliver a deed, or other instrument which he has prepared, at the request of a client, before his fees are paid. A counsellor may agree to prepare a written opinion for a party, and to have it ready for delivery by a given day, and still he would not be bound to part with it till his fees were paid. The case just cited seems to place the rights of an arbitrator upon a similar footing.

The conclusion to which we have come therefore is, that the demurrers to the third and sixth pleas, and to the replication to the second plea are allowed; and the demurrer to the fourth plea and to the replication to the fifth plea are overruled, and the parties are respectively allowed to amend on payment of costs.