## Case No. 9,287.

### MATTHEWS v. MATTHEWS.

[Cited in Kain v. Gibboney. Case No. 7,595. Nowhere reported; opinion not now accessible.]

## Case No. 9,288.

### MATTHEWS v. MATTHEWS.

[2 Curt. 105.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1854.

PLEADING AT LAW — DEBT ON AWARD — PLEA OF REVOCATION — GENERAL ISSUE — NOTICE OF AWARD — DAMAGES AND COSTS — GENERAL DEMURRER.

1. There being four counts in a declaration, each founded on an alleged submission and award, a plea purporting to answer the whole action, but alleging only a revocation of one submission, and not showing which one of the four alleged, is bad on general demurrer.

2. A plea to an action of debt on an award, that the referees never made any such award as is averred in the declaration, is bad, as amounting to the general issue.

3. Ordinarily, notice of an award need not be averred; aliter if it be specially provided in the submission that notice shall be given to the parties.

4. An averment that an award was duly published, is equivalent to an averment, that the notice of the award, required by the submission, was given.

5. An action of debt lies for two sums. distinctly awarded. the one for damages, and the other for costs; and the omission to add them together, and go for the sum of both, as a sum single, is bad only on special demurrer.

6. A count on an award, that on the delivery of a release and the payment of a sum of money by the defendant to the plaintiff. the plaintiff was to deliver a release to the defendant. no averment of readiness or offer by the plaintiff to release the defendant, is bad on general demurrer.

[Cited in Smith v. Boston & M. R. Co., 88 Mass. (6 Allen) 270.]

7. A count showing differences. a submission of them, an award upon those differences, of a

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

sum of money to the plaintiff, though very general, is good on general demurrer.

This was an action of debt in four counts. As the questions arose upon a part of the pleadings, it is necessary to set out their substance. The declaration was as follows:

First count. For that whereas certain differences having arisen and being depending between the said plaintiff [Edward Matthews] and the said defendant [Nathan Matthews], the said plaintiff and defendant heretofore, namely, on the eighth day of July, in the year of our Lord one thousand eight hundred and fifty-two, at Boston, aforesaid, by a certain indenture bearing date, namely, the day and year aforesaid, after reciting, among other things, that the said parties had had for many years numerous transactions and dealings one with the other, and had at times stood in the relation of partners, and at other times in the relation of agents one for the other, and had at various times assumed and incurred liabilities one for the other, and had in divers other ways been connected and interested in business and property, and that said plaintiff and defendant were desirous of settling up and closing all their matters, and to that end of ascertaining the true state of the accounts between them, and of the indebtedness of one to the other, and of the respective rights and liabilities of each in relation to any and all matters, and to any and all property real and personal, and any interest therein of every nature and description in any way connected with any transaction between the said plaintiff and defendant, or which was, or could be in any way a matter of difference between them, so that the respective rights of the said plaintiff and defendant, to any property, real and personal, or to any interest therein, or under any agreement thereto, might be ascertained, and the requisite acts be done, and conveyance made by, from, and to each party, in order to fix, establish, and settle such rights, and so that the outstanding liabilities of the said plaintiff and defendant, whether joint or of one for the other might be determined, and the same be assumed and discharged by the proper party, and the indebtedness of one to the other might be paid and satisfied, and so that all matters between the said plaintiff and defendant, or in regard to which there was or could be any difference between them, might be adjusted, settled, and closed up. did refer and submit all said matters so by them desired to be settled as aforesaid, to the arbitration and decision of James W. Convers, Harrison Fay, and Abel G. Farwell, merchants, and doing business in said city of Boston, arbitrators indifferently elected and named as well by and on the part and behalf of the said defendant, as by and on the behalf of the said plaintiff. and in and by said indenture did empower said Convers, Fay, and Farwell, in any award they or a majority of them might make and publish in relation to any and all of the matters submitted to them as aforesaid, to direct either said plaintiff or defendant to specifically perform any contract subsisting between them, the said plaintiff and defendant, to convey and transfer to the other any property, real or personal, or any interest therein, to make all draft orders or assignments, to assume, pay, satisfy, and discharge any outstanding liabilities, and to pay to the other any sums of money as the said Convers, Fay, and Farwell, or a majority of them, should deem proper, to carry out and effectuate the settlement of the matters so submitted to said Convers, Fay, and Farwell, as aforesaid, (and the said plaintiff and defendant, in and by said indenture, did covenant and agree with each other to stand to, abide, and perform any and all the orders, decisions, and awards of said Convers, Fay, and Farwell, or a majority of them, of and concerning the matters so submitted to them, the said arbitrators. as aforesaid, as the same should from time to time be made known to said plaintiff and defendant.) And in and by said indenture it was further provided, that all the expenses and costs of said reference, so made as aforesaid, should be borne equally by the said parties, and the said arbitrators were empowered in any award which they, the said arbitrators, or a majority of them. might at any time make, to fix the costs of said proceedings under said indenture, so far as the same should then have been had. And the said plaintiff further saith, that the said Convers, Fay, and Farwell, having taken upon themselves the burden of said arbitration, did in due manner. namely, on the thirtieth day of September, in the year of our Lord one thousand eight hundred and fifty-three, at Boston aforesaid, duly make and publish their award of and concerning the said matters so submitted to said Convers, Fay, and Farwell, as aforesaid, and did, among other things, thereby award that there was due and owing from the said defendant to the said plaintiff the sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, and did, among other things, order and award that the said defendant should pay to the said plaintiff the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, within forty days from the said thirtieth day of September, with interest from said last-mentioned day. And did, by the said award. among other things, find, that the costs and expenses of said arbitration were forty-four hundred dollars, and did award that the said Nathan should pay one moiety thereof, namely, the sum of two thousand two hundred dollars, and that the said Edward should pay one moiety thereof. namely, the sum of two thousand two hundred dollars, as by said award, reference being thereunto had will more fully appear; which said award was afterwards, namely, on the day and year last aforesaid, in Boston aforesaid, duly published and made known to both the said parties.

And the said plaintiff avers, that the said defendant did not, nor would not, within said forty days from the said date of said award, pay to the said plaintiff the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents in the said award mentioned, or any part thereof, nor hath he since paid the same, nor any part thereof, although requested so to do. And the plaintiff further avers, that the said defendant did not and would not pay the said half of said costs and expenses, namely, two thousand two hundred dollars, so awarded to be by him paid as aforesaid, and that the plaintiff was by reason thereof, and in consequence of such refusal of the defendant, obliged to pay, and did pay, the whole of said costs and expenses, namely, said sum of four thousand four hundred dollars, whereby an action hath accrued to the said plaintiff to demand and have of and from the said defendant, the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, with interest thereon from the date of said award, and the said sum of two thousand two hundred dollars, yet the defendant hath not yet paid the said sums or any part thereof.

Second count. Also for that whereas heretofore, namely, on the eighth day of July, in the year of our Lord eighteen hundred and fifty-two, divers other controversies and disputes had arisen, and were then depending between the said plaintiff and the said defendant, for the determination whereof the said plaintiff and the said defendant, on the same day and year aforesaid, at Boston aforesaid, by a certain other agreement of submission bearing date the same day and year aforesaid, mutually submitted themselves to stand to the award and determination of James W. Convers, Harrison Fay, and Abel T. Farwell, or any two of them, arbitrators indifferently named, elected and chosen by and between the said parties to arbitrate, award, order, judge, and determine of and concerning the same controversies and disputes as the same should be made known to the said plaintiff and defendant. And the said plaintiff, in fact, says, that they, the said Convers, Fay, and Farwell, the said arbitrators, having taken upon themselves the burden of the said arbitration, they, the said Convers, Fay, and Farwell, afterwards, on the thirtieth day of September, in the year of our Lord eighteen hundred and fifty-three, at Boston aforesaid, did make their certain other award of and concerning the premises so referred to them as aforesaid, in writing under their hands and seals, ready to be delivered to the said parties, or either of them who should desire the same, bearing date the same day and year last aforesaid; and by the said last-named award, they, the said Convers, Fay, and Farwell, did award and determine among other things, that the said defendant should pay to the said Edward the certain other sum of thirty-three thousand

eight hundred and twenty-seven dollars and seventy-eight cents within forty days from the date of said award; and further, by the said award, they, the said arbitrators, did order and award that the said defendant should also, within said forty days from said date of said award, make, execute, and deliver to the said plaintiff a release under seal of him, the said defendant, his heirs, executors, and administrators, of and from each and all debts, controversies, variances, liabilities, rights, claims, demands, causes of action, and matters and things whatsoever, whether at law or in equity, which he, the said defendant had, or might, or could have had at said date of said agreement of submission, against the said plaintiff, and all other matters and things in relation to which there was or might have been any difference between said plaintiff and defendant at the said date of said agreement of submission, excepting certain claims against the said plaintiff for moneys which were in and by said award ordered to be paid by the said plaintiff to the said defendant, and excepting the claim which the said defendant had upon and against the said plaintiff, that said plaintiff should, for and during the continuance of a certain lease in said award mentioned, save said defendant harmless for or on account of any breaches of the covenants or conditions of said lease as in said award was ordered and provided; and further, by the said award, they, the said arbitrators, did order and award that upon the payment to the said plaintiff by the said defendant of the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents with interest as aforesaid, and upon the delivery to the said plaintiff of said release from said defendant as aforesaid, he, the said plaintiff, should execute and deliver to the said defendant a release under seal by him the said plaintiff, his heirs, executors, and administrators, of and from each and all debt controversies, variances, liabilities, rights, claims, demands, whatsoever causes of action and matters and things, whether at law, or in equity, which he, the said plaintiff had a right, or could have had, against the said defendant at the said date of said agreement of submission, and of and from all other matters and things in relation to which there was or might have been any difference between the said plaintiff and defendant, at the said date of said agreement of submission, excepting a claim which the said plaintiff had against said defendant to have a certain lease mentioned in said award assigned to him the said plaintiff by the said defendant as is ordered and provided in and by said award; and the plaintiff avers, that the said defendant did not, nor would, within said forty days from the date of said award, nor at any other time hitherto, pay or cause to be paid to the said plaintiff the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-

eight cents, or interest thereon, which by the said award was to have been paid by the said defendant to the said plaintiff within said forty days according to the form and effect of said award, but therein wholly failed and made default, and by reason of the premises and of the said sum of money still remaining wholly due, in arrear, unpaid, and unsatisfied, an action hath accrued to the said plaintiff to demand and have of and from the said defendant, the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, with interest thereon from the date of said submission, yet the defendant hath not paid the same or any part thereof.

Third count. Also, for that whereas the said defendant, on the day of the date of this writ, at Boston aforesaid, was indebted to the said plaintiff in the sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, upon and by virtue of a certain other award made by James W. Convers, Harrison Fay, and Abel G. Farwell, on a certain other submission, before that time made by the said plaintiff and the said defendant to the award and determination of the said Convers, Fay, and Farwell, concerning certain matters in difference then depending between the said plaintiff and the said defendant, and upon which said reference the said Convers, Fay, and Farwell awarded that the said defendant should pay to the said plaintiff the sum of money aforesaid within forty days from the thirtieth day of September now last past, with interest thereon from the said last-mentioned day; and the plaintiff avers that the said defendant did not, nor would, within said forty days, nor at any time hitherto, pay to the said plaintiff the said sum of thirty-three thousand eight hundred and twenty-seven dollars and seventy-eight cents, or any part thereof,. whereby and by reason of the non-payment whereof, an action hath accrued to the said plaintiff to demand and have of and from the said defendant the sum aforesaid. Yet the defendant hath not paid the sum nor any part thereof.

Fourth count like first, with omission of the part in parenthesis.

2d. Plea. Actio non, &c., because the said instrument referred to by the plaintiff, and set forth in his writ as an award between these parties, and alleged to have been made and published on the thirtieth day of September last, was not made and published on that day, and was not signed till long after all authority of the persons alleged to have been referees between the parties by the plaintiff had been terminated by the plaintiff himself, and this the defendant is ready to verify. Wherefore he prays for judgment if the plaintiff ought to have and maintain his action against him. To this plea the plaintiff demurred generally, and it was joined.

6th Plea. Actio non, &c., because he says that the persons alleged by the plaintiff to have been referees between the parties, never made any such award as the plaintiff alleges, and this he is ready to verify; wherefore he prays judgment if plaintiff ought to have and maintain his action against him. To this plea the plaintiff demurred specially, assigning for cause that it amounted to the general issue.

11th Plea. Actio non, &c., because he says that the plaintiff by an instrument under the hand and seal of the plaintiff, and bearing date the thirtieth day of October, eighteen hundred and fifty-three, did, before the said persons named as referees had made any decision between the parties under the submission set forth by the plaintiff, revoke the said submission, and this the defendant is ready to verify; wherefore he prays judgment whether the plaintiff ought to have and maintain this action against him.

To this plea the plaintiff replied: 1. And the said plaintiff, as to the said plea of the said defendant by him eleventhly pleaded to the second count of the said declaration, says that he the said plaintiff by reason of any thing by the said defendant in that plea alleged ought not to be barred from having and maintaining his aforesaid action thereof against him the said defendant; because he says that subsequently to the making of the said alleged revocation, the said plaintiff and defendant mutually consented that said referees should proceed under said submission, and make their award thereon, and mutually agreed to stand to and abide the award of said referees, thereunder, and the plaintiff says that the said referees did make their award of and concerning the premises so submitted, as in said second count of the declaration is alleged and pleaded. And this he the said plaintiff is ready to verify; wherefore he prays judgment and his debt aforesaid. together with his damages by him sustained on occasion of the detention thereof to be adjudged to him, &c. 2. And the said plaintiff, as to the said plea of the said defendant by him eleventhly pleaded to the fourth count of the said declaration, says that he the said plaintiff, by reason of any thing by the said defendant in that plea alleged ought not to be barred from having and maintaining his aforesaid action thereof against him the said defendant, because, protesting that the defendant did not revoke said submission in manner and form as he has in his said plea alleged, for replication nevertheless the plaintiff says, (that after the making of said award by said referees, as in fourth count alleged, namely, on the first day of December last past. the said defendant and plaintiff mutually agreed to accept and stand to and abide said award, and as well the said defendant as the said plaintiff assented to and then ratified and confirmed the said award and the acts and authority of the said referees in making and publishing said award.) And this he the said plaintiff is

ready to verify; wherefore he prays judgment and his debt aforesaid, together with the damages by him sustained on occasion of the detention thereof to be adjudged to him, &c. To these replications the defendant demurred generally, which was joined.

Bartlett & Thaxter, for plaintiff.

C. G. Loring and C. M. Ellis, contra.

CURTIS, Circuit Justice. This is an action of debt upon awards, set out in four counts in the declaration. Among other pleas the defendant has pleaded, secondly, as follows: (Here the second plea, as set out above, was read.) There are four counts in this declaration purporting to be for four distinct causes of action, and this plea is pleaded to all. It begins in bar of the action. Yet its subject-matter can answer only one count. It avers that "the instrument referred to by the plaintiff, and set forth in his writ, as an award between these parties, and alleged to have been made and published on the thirtieth day of September last, was not made," &c. There are three such instruments declared on. The plea, if good, can answer but one of them, and there is no means of knowing which one it is intended to answer. For both these reasons the plea is bad. First, because it is pleaded to the whole declaration, when it contains an answer to only one count; second, because it is impossible to decide which of these counts it was intended to answer. This is not the only defect in the plea. As already. stated, there are four counts in the declaration. In three of them, an award founded on an instrument of submission is declared on. In the other count, no instrument of submission is referred to. The plea relies on a revocation of an instrument of submission as a bar to the action. Manifestly it cannot bar the count in which no such instrument is mentioned, and which is in no way dependent on it, and as the plea is to all the counts, and fails to answer one of them, it is bad on demurrer. The sixth plea is as follows: (Here the sixth plea, as set out above, was read.) This plea denies what the plaintiff would be obliged to prove under the general issue, and consequently is bad for that cause, which has been specially assigned in the demurrer taken to it. 3 Barb. 56; Wats. Arb. 208.

Without making any serious effort to support these pleas, the defendant insists that it will appear that the declaration is also bad. It was objected to the first count, that though it shows a special agreement in the submission to perform the orders and awards of the referees as the same should from time to time be made known to the parties, it is not averred that notice was given to the defendant of the award therein declared on. Ordinarily, notice by the plaintiff to the defendant, of an award, is not necessary to be averred or proved, because the first lies as much in the knowledge of the defendant as of the plaintiff. 2 Saund. 62, note 4; Child v. Horden, 2 Bulst. 144. But where, as in this case, it is specially provided that notice of the award shall be given to the parties, it is no award, until such notice is given. Id. It should appear in this count, by some sufficient averment, that notice was given to the defendant, of the award declared on. The court avers that the award was duly made and published. The word "duly," would not, of itself, be sufficient to supply the want of a substantive allegation of a fact, necessary to the validity of the award. Everard v. Paterson, 2 Marsh. 308, 6 Taunt. 645. But "duly published," is an averment that the kind of publication required by the submission was made. For publication is made by notice from the arbitrator to the parties that his award is in readiness and can be known to them if they choose to know it; this amounts to notice and publication of the award, and such a publication satisfies a requirement in a submission, that notice of the award shall be given to the parties. MacArthur v. Campbell, 5 Barn. & Adol. 518; Musselbrook v. Dunkin, 9 Bing. 605. This objection to the first count is, therefore, not sustained.

It is further objected to the first and fourth counts, that the action of debt will not lie for two sums distinctly awarded, the one for damages and the other for costs. This is not tenable. Every action of debt on a judgment is open to the same objection, for judgments are for one sum assessed as damages, or awarded as the debt, and another for costs. There is a technical defect in these counts in the declaration, that they do not add the two amounts together, and go for the sum of both as a sum single; but I do not consider this to be bad on general demurrer. It is also urged that these counts show that the award was of a sum of money "among other things." But it does not appear that any of these "other things" were awarded to the plaintiff, and so it is not a valid objection to an action of debt. The objections which have been made to the first and fourth counts are not sustained.

The second count alleges an award, that upon the payment by the defendant to the plaintiff, of a sum of money and the delivery of a release, the plaintiff was to deliver a release to the defendant; and without an averment that the plaintiff was ready or willing, or offered to deliver his release, it goes for the recovery of the money. I am of opinion that a readiness by the plaintiff to release and notice to the defendant of such a readiness, were necessary to be averred. Taking the statements in the declaration to be true, the acts of the parties were to be concurrent, and an action cannot be sustained by either without averring and proving a readiness on his part to perform and notice thereof, or something sufficient to dispense therewith. 1 Chit. Pl. 359. For this cause, I hold the second count bad in substance.

Whether an action of debt will lie for a sum of money, where that, together with a release, was awarded, I do not determine. See 1 Saund. 201a, note 1; Cro. Car. 137; 12 Mod. 84. The second count having been held bad for another cause, and that count alone showing an award of releases, it is not necessary to decide that question.·

I consider the third count good. It is very general, but I believe it contains all that is necessary. It shows certain differences existing between the parties, a submission of them to referees named, and an award upon those differences, of a sum of money to the plaintiff, pursuant to the submission. This may be a good title; and as it is confessed by the demurrer, it is sufficient.

Having thus held all the counts, except the second, good, it remains to consider the eleventh plea, and the replications thereto. Questions of great nicety have been argued upon the demurrer taken to the replications of this eleventh plea. But as the first of these replications which are demurred to, goes to support the second count only, and as that has already been held to be bad, and as I consider the plea to which this other replication is made, as also bad, I shall not express an opinion thereon. It was suggested at the bar, that a decision of these questions might have an important bearing upon questions, which are expected to arise on the trial of the issues of fact. But it cannot be now known that those questions will he presented then, precisely as they are now, upon these pleadings. Their aspect may be more or less varied when they shall arise out of the evidence, and I do not think a decision of them can be anticipated, without some risk of injustice. It is far safer to decide them, when all the facts on which they depend shall be before the court, rather than to attempt to do so now, upon certain abstract averments in the pleadings. The eleventh plea is bad for the same cause as the second plea. It shows, in bar of the whole action, a revocation of one submission only. Four submissions are shown by the declaration. The result is that the second count, and the second, sixth, and eleventh pleas are bad. The other counts are good.