## WILLARD *v.* BICKFORD.

Three actions of slander, brought by a plaintiff against several defendants, for a similar cause, were separately submitted to the same arbitrators. The hearings were had at one sitting, and the arbitrators, by a single instrument, awarded that the plaintiff recover of the defendants, fifty dollars each, and five dollars each as costs. It was held that the award was sufficient.

The submission provided that the award should be made and ready to be delivered to the parties in ninety days; it was held that if their award is ready to be delivered to the prevailing party, on payment of the arbitrators' fees, within the time, it is within the provision of the submission.

DEBT on an arbitration bond for non-performance of an award.

The plaintiff brought three several actions on the case for slander, against the defendant, against J. P. Adams,

and against C. Newell, which were pending in court. These slanders were alleged to have been committed at different times and places, and were separate and distinct from each other.

The parties severally agreed to refer the cause of action alleged in their respective writs, to three referees, "the award of whom to be final."

Separate arbitration bonds were entered into between the parties to each suit, and the actions struck from the docket. Each bond contained the provision, "the award to be made, and ready to be delivered to the parties, within ninety days from the signing hereof."

The parties in all the cases were notified to appear at the same time and place, and all attended. Before the expiration of the ninety days, a majority of the referees drew up one award and made one copy of it, in which they described the three cases, and awarded that the plaintiff recover of the three defendants by name, fifty dollars each as damages, and costs of reference taxed at five dollars each.

After the expiration of the ninety days the attorney for the defendants, by their direction, called upon the chairman, and requested the award in each case. The chairman did not comply with the request, but informed the attorney that the award was made and ready to be delivered to the successful party only, on payment of the referees' fees. It was understood by the referees who signed the award, that the original award should be delivered to the successful party, upon his paying the referees' fees, and that the copy should not be delivered to the defendants, or either of them, till the award was delivered to the successful party.

A short time after the ninety days the award was delivered to the attorney of the plaintiff, and neither the defendant nor his attorney, have since called on the referees, or either of them, for the award, nor have they informed the

defendant, or his attorney, of their award, by copy or otherwise.

*Hill*, for the plaintiff.

*Whipple*, for the defendant.

BELL, C. J.   The objection to the award is, that a separate award should have been made in each case, and that the award was not made and ready to be delivered to the parties within ninety days from the signing of the bond and agreement to refer.

The most judicious course undoubtedly, is for referees and arbitrators to make a separate award in each case submitted to them ; but it does not seem to us to admit of a doubt, that if they err in this respect, and draw up an award embracing their decision in more than one case, their award will not be held invalid on that account, if it is clear, intelligible, and definite in reference to each case ; and such seems to us to be the fact in this instance.   It is quite impossible to raise a doubt upon what the referees intended in either of the cases.

Several cases relative to the point insisted upon, that the award was not made and ready to be delivered to the parties within the time limited, are stated in Billings on Awards, 143.   In *Brown* v. *Vawser*, 4 East 584, Lord *Ellenborough* said : " the award was complete when it was ready to be delivered within the time appointed, and prior to the actual delivery.   If any accident had then happened to prevent a delivery, it would still have been an award."   In *Musselbrook* v. *Dunkin*, 9 Bing. 605, 2 M. & S. 740, it was held that an award is to be considered as published, when the parties have notice that it is ready for delivery, on payment of the reasonable charges; and the same point is held in *McArthur* v. *Campbell*, 5 B. & Ad. 518 ; *Brooks* v. *Mitchell*, 6 M. & W. 478 ; *Jones* v. *Curry*, 7 Scott, 196, 5 Bing. N. C. 187 ; *Moore* v. *Darley*, 1 C. B. 445.   The cases

in 9 Bing. 605 and 5 B. & Ad., are approved and followed in *Knowlton* v. *Homer*, 17 Me. 556 ; and in *Att* v. *Schroeppel*, 3 Barb. 62.   Upon the authority of these cases, which we have not found questioned, we hold, in the language of the last case, that arbitrators are not bound to deliver their award till their fees have been paid, and that when their award is ready to be delivered on payment of their fees, it is ready to be delivered to the parties within the legal meaning of the bonds of submission.

It is a measure of prudence and likely to prevent controversy, that arbitrators should execute their award in duplicate, so that they can deliver their award to either party who asks for it and is ready to pay the fees, because it may be as important to the loser as to the winner, to have a vexatious lawsuit or controversy ended; and successful parties do not always consider themselves so successful as they deserve to be ; and they might even be willing that a scanty award should be lost.   We are unable to assent to the doctrine of the case of *Buck* v. *Wadsworth*, 1 Hill 321, cited for the defendant, where it was held that if arbitration bonds require the award to be in writing ready for delivery to the parties, on or before a certain day, and they make and deliver their awards to the prevailing party, have prepared no counterpart for the other party, and he has not waived his right, the award is a nullity.   The cases cited in its support do not sustain it.   In *Pratt* v. *Hackett*, 6 Johns. 14, all that was decided was, that where the bond required the award to be ready to be delivered to the parties, it was not enough to reply that it was ready to be delivered to the plaintiff.   *Perkins* v. *Wing*, 10 Johns. 143, was a case where the award was to be ready, &c., September 1.   August 25, an award was made and read to the parties, and no duplicate or copy asked for. On a plea of no award, it was held that a demand and refusal, September 1, could not be given in evidence under that issue, and it was said the acquiescence, August 25,

was a waiver of a delivery. And in *Sellick* v. *Addams*, 15 Johns. 197, it was only held that where sworn copies are delivered to the parties by the arbitrators and received without objection, it is a waiver of the right to the original.

In *Monroe* v. *Allaire*, 2 Caines 320, it was held that it would be implied from the manner of stating an award, that it was in writing, and from the fact that it was made in time, that it was ready to be delivered to the parties. The last point is supported by *Marks* v. *Marreot*, 1 L. R. 114, where the submission was so as the award be in writing ready to be delivered such a day, and it was held that when an award is made, it is ready to be delivered. The same point is expressly decided in *Bradsley* v. *Clyston*, Cro. Car. 541; Anon., 2 Ld. Raym. 989; *Robinson* v. *Calwood*, 6 Mod. 82; *Oates* v. *Bromwell*, 1 Salk. 75, 6 Mod. 160; *Freeman* v. *Barnard*, 1 Salk. 69, 1 Ld. Raym. 247; Saund. Pl. & Ev. 180; 1 Wms. Saund. 327, (*b*) note. In none of these cases is it suggested that more than one award, or a duplicate is to be made.

It has never been understood that it is the duty of arbitrators to prepare more than one award, unless duplicates are expressly required by the submission. We believe the language of the submission in this case: "the award to be made and ready to be delivered to the parties in ninety days," has been generally understood to require one award only to be ready to be delivered to the parties upon their joint application. If it is ready to be so delivered, and the parties do not call for it, it may be delivered to the party entitled to the benefit of it. If by accident or mistake, or for any other cause, it is not delivered to the parties, it would still be a binding award. *Brown* v. *Vawser*, before cited. If made within the time, the submission cannot be revoked. *Hunt* v. *Wilson*, 6 N. H. 36. In *Tracy* v. *Herrick*, 25 N. H. 386, the agreement was "so that the said award indented under their hands and seals, be ready to be delivered to the parties," &c. It was

contended that "indented" meant tripartite, there being three parties to the submission. One paper only was drawn and signed, and the court held that no more was necessary, the arbitrators testifying, not that a tripartite award was waived, but that it was the understanding between the parties that the award should be left in the hands of one of the arbitrators for the benefit of all parties.

*Judgment for the plaintiff.*