## AUGUSTUS MARTIN v. SAMUEL McCORMICK.

A clause in a submission to arbitration to the effect, *viz.*, "that the award shall be made in writing, signed by the arbitrators, and ready to be delivered to the parties, or such of them as shall demand the same, on or before," &c., is performed by the arbitrators preparing and signing a single award within the time specified, neither party calling for it.

On case certified by the Circuit Court of the county of Union.

The controversy arose on a motion to set aside an award. The submission, which had been made a rule of court, contained the following stipulation, *viz.*, that the parties "shall and will stand to, abide, and perform the award and determination of the said arbitrators, or of any two of them, so that the same be made in writing, signed by said arbitrators, or any two of them, and ready to be delivered to the said parties, or such of them as shall demand the same, on or before the 3d day of September next." Depositions were taken, whereby it appeared that two of the arbitrators—the third dissenting—on the evening of the last day as above limited, executed an award, but that there was no duplicate signed at that time; that on the following day this award was handed to the dissentient arbitrator for the purpose of having a copy made; that it was lent by this arbitrator to Mr. Martin, to be examined by him and then returned, and it was examined and returned accordingly. No demand was ever made by Mr. Martin for a copy of the award.

For the motion, *Richey*.

Contra, *Stone*.

BEASLEY, CHIEF JUSTICE. It is insisted on the part of Mr. Martin, who is the actor in this matter, that this award

should be vacated, on the ground that the arbitrators did not execute the award in two parts. It clearly appears that they did duly make, sign, and seal an award within the time limited in the submission, and that after that period they executed a duplicate. The precise point of objection is, that they did not so execute the award as to have it ready, within the prescribed time, for delivery to each of the parties, and this, it is contended, is required by the express terms of the agreement. It seems to me that it is in this assumption that the fallacy of the position lies. The submission does not contain the stipulation which it is necessary to claim in order to support this contention. The qualification of the condition relative to the delivery of the award appears to have been overlooked. The condition is in these words: that the award " shall be ready to be delivered to the said parties, or *such of them as shall demand the same,* on or before," &c. These terms are entirely clear, and, coupled with the context, they prescribe this duty : that the arbitrators must make, sign, and seal their award, and be prepared to deliver it to such of the parties as, within the time specified, shall demand it. There is nothing in the language used that implies that if only one of the parties should demand the award the arbitrators must be prepared with a duplicate. Such a construction would obviously be an obliteration from the clause of that part of it which limits, in this respect, the obligation of the arbitrators. If the duty is absolute to have the award ready for delivery to each of the parties, then the alternative, " or to such of them as shall demand the same," has no significance whatever. But there is no inconsistency in the parts of this sentence, and its meaning seems to be plainly that which I have given to it. It frequently happens that the prevailing party alone calls for a copy of the award, and it was to provide for such a contingency that the provision in question seems to have been designed.

It is likewise this same feature of the submission which makes this case distinguishable from those cited on the argument. *Buck* v. *Wadsworth,* 1 *Hill* 321 ; *Pratt* v. *Hackett,* 6

State, Moran, pros., v. Hudson City.

*John.* 14. In both instances the agreement was unconditional that the award should be ready to be delivered *to the parties.* These authorities, therefore, are not in point.

Let the Circuit Court be advised that the award in this case is valid.

DALRIMPLE, DEPUE, and VAN SYCKEL, Justices, concurred.