## ALLEN *vs.* GALPIN.

By a submission to arbitration, executed by and between A. & G. the parties agreed to submit to arbitrators the question as to the amount of damages which A. might sustain in leaving his residence in the town of E. and in seeking another field of labor, upon the following terms, viz.: that G. should put into the hands of the arbitrators his note for $500, and that A. should put into their hands a receipt in full for G.; that the parties should then introduce all the testimony which they might have, touching the amount of damages A. should sustain in moving from E.; that the arbitrators should then decide, according to the testimony, upon the amount of loss to A., and should reduce the $500 note until it should correspond with the amount of loss determined by them; and that they should then deliver such note to A. and the receipt to G. In an action by A. upon an alledged award made by the arbitrators, under such submission, the declaration alledged that on the hearing before the arbitrators, A., the plaintiff, introduced testimony touching the amount of damages which he *should sustain* in moving from the town of E.; that the arbitrators then decided the amount of loss which A. *would sustain* in moving from E., and that they made an award directing that G. should pay to A. $500 " in full payment, discharge and satisfaction of and for all damages and loss which the plaintiff has or may sustain in closing up his labors, *and in leaving the premises which he has fitted up for*

Allen *v.* Galpin.

*himself, and for other inconvenience.*" HELD, on demurrer, that the declaration was bad in substance, in not showing that the arbitrators had any power to make the award declared on; and that the award was void, for want of such power.

*Held also,* that if the parties had neglected to deliver the note and receipt, according to the submission, it was a mutual abandonment of the agreement, and neither party had any right to complain of the neglect of the other; and that the arbitrators had, in that case, acted without authority.

*Held, further,* that the submission ought not to be understood as authorizing the arbitrators to make an award before any damages had in fact been sustained by A.; and that the award set out in the declaration, being, not for damages which the plaintiff *had* sustained before it was made, but for damages which the arbitrators supposed he *would* sustain if he did remove from the town of E., such award was void, for being *prematurely made.*

DEMURRER to declaration. The action was debt upon an award. The declaration contained three counts, in each of which a contract of submission, under the hands and seals of the parties, was set out as follows :

"This agreement between Aaron P. Allen of the town of Exeter, county of Otsego, and state of New-York, and Horace Galpin, of the town, county and state aforesaid, witnesseth : That, whereas, the aforesaid Aaron P. Allen is about to leave this town : whereas, he believes that the necessity of his leaving arises from certain influences which he thinks were wrong : whereas, he thinks he has been slandered in the eye of the law : and whereas, the said Allen contemplates and intends to seek such redress as the civil law provides, in order to remunerate himself for the loss he may sustain in closing up his labors here and seeking another field of labor, and in leaving the premises which he had fitted up for himself, and for other inconveniences. And whereas, the above named Horace Galpin desires to leave the matter to the judgment of three men, therefore, the said Aaron P. Allen does agree with the said Horace Galpin that he will refer the amount of damage which he may sustain in leaving the aforesaid premises, his present field of labor, and in seeking another field, to three such men as we (the aforesaid parties) shall choose ; or if we can not agree upon the men, as Harman Edmunds shall select ; and the said Aaron P. Allen and Horace Galpin do agree and bind themselves, each to the other, to refer the matter

to three men chosen as above described, upon the following terms, viz.: 1. The said parties shall appear before the arbitrators thus chosen, at such times and places as they, the arbitrators, shall direct. 2. The said Horace Galpin shall put his note or obligation for five hundred dollars into the hands of the arbitrators chosen as above, and the said Aaron P. Allen shall put into the hands of the same arbitrators a receipt in full for the said Galpin. 3. The parties shall then introduce all the testimony which they may have, touching the amount of damages which the said Allen sustains in moving from Exeter. 4. The arbitrators chosen as aforesaid shall then decide according to the testimony before them upon the amount of loss to the said Allen. 5. The same arbitrators shall then reduce the said five hundred dollar note or obligation until it corresponds with the amount as agreed upon according to article 4. The arbitrators shall then deliver to the said Allen the aforesaid note, and to the said Galpin they shall deliver the aforesaid receipt in full.

To all of the above the said Galpin agrees, and in consideration of which the said Allen agrees to discontinue the suit commenced for slander, and the said Allen agrees to pay for the writ, and the fees for the service. In testimony," &c.

After setting out the contract the plaintiff alledged that the parties, on the second day of March, 1847, agreed on their arbitrators; who on the same day gave notice to the parties that they would meet at a certain house designated in the notice, on the eighth day of March, 1847, at one o'clock in the afternoon, to hear such proofs and allegations as might be produced before them by the said parties; that the arbitrators met according to the notice; that the plaintiff appeared and the defendant did not; and that the plaintiff then introduced his testimony touching the amount of damages which he *should sustain* in moving from the town of Exeter. That the arbitrators then decided the amount of loss which the plaintiff *would sustain* in moving from Exeter aforesaid, and on the 9th of March, 1847, made an award under their hands and seals, which was set out at length in the declaration, and in which the arbitrators, after reciting the submission, and the hearing of the testimony by them, awarded that the

defendant should, on a certain day and at a certain place, pay to the plaintiff five hundred dollars, "in full payment, discharge, and satisfaction of and for all damages and loss which the plaintiff *has or may* sustain in closing up his labors, *and in leaving the premises which he has fitted up for himself, and for other inconveniences.*"

To this declaration the defendant demurred; assigning several causes of demurrer.

*H. Bennett*, for the defendant, cited, 13 *Mass. Rep.* 396; 2 *Cowen & Hill's Notes*, 1030; 5 *Paige*, 575, 578; 11 *John.* 133, 134; 1 *Hill*, 319, 321, &c.

*H. P. Allen*, for the plaintiff.

*By the Court*, CADY, J.  The question in the cause is, does the plaintiff's declaration show that the arbitrators had any power to make the award declared on?

Unless the plaintiff has shown that the arbitrators had authority to make the award, the declaration must be bad in substance, and the award itself must be void.

The agreement between the parties does not, in terms, authorize the arbitrators to make an award that one party shall pay the other any sum of money in full payment, discharge and satisfaction of and for all damages and loss sustained by any specified matter.  The defendant agreed to deliver a note for five hundred dollars to the arbitrators, and the plaintiff agreed to deliver to them a receipt in full for the defendant; and all that the arbitrators were by the agreement authorized to do, was to hear the testimony, determine on the amount of loss sustained by the plaintiff, reduce the note to that amount and deliver it to the plaintiff, and to deliver the receipt to the defendant.  But the arbitrators have not delivered the note to the plaintiff, nor the receipt to the defendant; but instead of delivering the note to the plaintiff they awarded that the defendant should pay to the plaintiff five hundred dollars on a certain day and at a certain place; and instead of delivering the receipt in full to the defendant, they have sim-

Allen *v.* Galpin.

ply awarded that the payment of five hundred dollars shall be "in full satisfaction of damages and loss which the plaintiff had or might sustain by closing up his labors and leaving the premises which he had fitted up for himself, and for other inconveniences."

This is not a discharge from any thing for which the defendant was responsible. The payment of five hundred dollars will not discharge the defendant from any cause of action whatever which the plaintiff had against him; but a receipt in full would have discharged him from any demand which the plaintiff had.

The plaintiff has not in his declaration shown how the arbitrators became authorized to make the award which they did, instead of doing as the parties had agreed they should do. The parties had a perfect right to give to the arbitrators such powers as they pleased, and to dictate the manner in which the award should be made. They might have directed it to be written upon parchment or engraved upon brass; or that the arbitrators should cause it to be printed; and if the arbitrators did not choose to do as they were authorized, their acts would not bind the parties.

In this case, the arbitrators were authorized to make their award by delivering a note to the plaintiff and a receipt to the defendant; but that, they have not done.

It does not appear from the declaration whether the plaintiff did or did not give to the arbitrators such receipt as he agreed to give, nor whether the defendant did or did not give to them such note as he bound himself to give. If the plaintiff did give to the arbitrators the receipt—and the defendant gave them the note, according to the agreement—then why did not the arbitrators make their award as the parties had agreed it should be done?

Again; if the plaintiff did not give the receipt and the defendant the note according to the agreement, and this neglect of the parties gave authority to the arbitrators to make the award as they have done, that neglect should have been alledged in the declaration, for the purpose of showing the authority of the ar-

Allen v. Galpin.

bitrators; and the want of that allegation makes the declaration bad in substance.

If the plaintiff did not deliver a receipt, or the defendant a note, according to the agreement, then the arbitrators have acted without any authority. If the plaintiff neglected to deliver a receipt, and the defendant neglected to deliver a note, according to the agreement, it was a mutual abandonment of the agreement, and neither party has any right to complain of the neglect of the other.

There is another view of this case, which shows that this action can not be sustained. The agreement of the parties ought not to be understood as authorizing the arbitrators to make an award before any damages had in fact been sustained. The agreement shows that the plaintiff then contemplated removing from the town of Exeter, and both parties took it for granted that by such removal the plaintiff would sustain damage; and such damages, not exceeding $500, the defendant seems to have been willing to pay. But no man can suppose that the defendant intended to authorize the arbitrators to determine, before the plaintiff did remove, what damages he might sustain by removing from that town, and pay such sum, whether the plaintiff removed or not. But it appears from the plaintiff's declaration that the evidence which he gave to the arbitrators " *was touching the amount of damages which he should sustain*" in removing from the town of Exeter; not what damages the plaintiff *had sustained*, &c.; and the plaintiff in his declaration alledges that the arbitrators did decide according to the testimony before them, the amount of loss which the plaintiff " *would* sustain in removing from Exeter," &c. It is therefore evident from the declaration, that the award made by the arbitrators is not for damages which the plaintiff *had* sustained before the award was made, but for damages which the arbitrators supposed he *would* sustain if he did remove from the town of Exeter. But whether the plaintiff ever will remove from that town is yet wholly uncertain. It is believed therefore, that if there were no other objection to the plaintiff's right to recover, *the award is void, for being prematurely made.*

Judgment must be for the defendant, on the demurrer, with leave to the plaintiff to amend the declaration on payment of costs.