UZZIEL KANOUSE

*v.*

JACOB A. KANOUSE *et al.*

1. AWARD — *construction.* An award which requires one party to pay the other a sum of money, in a case where the controversy relates to the ownership of property, and permits him to retain the property for his own use, will be held to award the money instead of property, and to be in lieu of the same.

2. SAME. In giving a construction to an award, the court is warranted in

considering it in the light of all the surrounding circumstances, such as the articles of submission, the bond, etc.

3. BOND. Where one party, under the order of the arbitrators, is permitted to retain the property in dispute, by giving bond and security for its custody, and its production when required by them, or to pay any sum of money he may be awarded to pay the other party; and such a bond is given, and he sells and disposes of the property before the award is published, and he is required to pay a sum of money, and permitted to retain the property for his own benefit, he and his security on the bond will be liable for the sum thus awarded.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. DAVID DAVIS, Judge, presiding.

This was an action of debt, commenced by Uzziel Kanouse against Jacob A. Kanouse and Jacob C. Mahan, to the September term, 1859, of the Livingston Circuit Court. The venue was afterwards changed to the county of Ford.

The suit was instituted upon this bond:

"Know all Men by these Presents, That, we, J. A. Kanouse, principal, and J. C. Mahan, security, are held and firmly bound unto Uzziel Kanouse, in the penal sum of four thousand dollars, lawful money of the United States, for the payment of which well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators and assigns, jointly, severally and firmly by these presents. Signed with our hands and sealed with our seals, this 10th day of December, A. D. 1857.

"The condition of the above obligation is such that, whereas, the above bounden J. A. Kanouse and the said Uzziel Kanouse are at variance and in dispute about the ownership of property named in the schedule hereunto annexed, marked 'A,' and about the settlement of their business generally, all of which is submitted in arbitration for decision to John Fulwiler, William Reynolds and Thomas Fell, under the bonds of said parties to abide said arbitration, who are to decide as soon as they can, all questions arising out of the question of the ownership of said property, and all other questions growing

out of their business relations to each other of every kind whatsoever, which agreement is fully set forth in the bond aforesaid, and this bond is not to affect that, in construction or otherwise.    And whereas it has become necessary to continue the final decision of said arbitration until additional testimony can be obtained, and whereas, until said decision is made, it has, by consent of the said J. A. Kanouse and Uzziel Kanouse, been awarded by said arbitrators that said J. A. Kanouse shall retain and keep possession of the property in the said schedule ' A ' annexed, until final decision of the case, and have the same at the control and subject to the said award.

" Now, therefore, if the said J. A. Kanouse shall carefully keep and preserve said property named in said schedule ' A,' and have the same subject to the award and at the control of the said arbitrators, and shall deliver over upon the said award to the said Uzziel Kanouse so much of said property as shall be awarded to him, if any, and pay over to the said Uzziel Kanouse any money that may be awarded to him in lieu of said property, provided the said J. A. Kanouse should dispose of any of said property, then this bond to be null and void ; otherwise to be and remain in full force and virtue.

J. A. KANOUSE.      [L. S.]<br>J. C. MAHAN.      [L. S.]."

The declaration, as finally amended, contained four counts upon the bond.

The first count of the plaintiff's amended declaration sets out the bond sued on and schedule " A "; alleges a previous submission of differences, and the making of mutual arbitration bonds; sets out the award, and avers an offer by plaintiff to perform on his part.

The second count merely relies upon the bond, without reference to any award.

The third count alleges the making of mutual arbitration bonds, the making of an award, and an offer by plaintiff to perform on his part.

The fourth count is substantially the same as the first count.

Breaches of the condition of the bond sued on are assigned in various ways.　They are substantially —

That the defendant, Kanouse, did not carefully keep and preserve the property named in schedule " A."

That he did not have the property at the control of the arbitrators.

That he has not paid to the plaintiff the sum of $720, awarded to be paid by him to the plaintiff, in lieu of the interest the plaintiff had in and to said property.

That he has not paid to the plaintiff the money awarded to the plaintiff, in lieu of the property in Schedule " A," mentioned, sold by him.

That he sold the property after signing the bond, and before the making of the award ; that the arbitrators awarded that he should pay the plaintiff in lieu of his interest therein, and that he has not paid the sum of $720, or any part thereof.

The defendants plead *nil debet*, *non est factum*, and the following special plea :

" And for a further plea in this behalf, said defendants say *actio non*, because they say the said defendant, Jacob A. Kanouse, did faithfully observe and keep the said award of said. arbitrators in said declaration mentioned, in all things by him to be performed, observed and kept, and did keep said personal property in said schedule ' A,' subject to the award and control of said arbitrators, and did not sell said personal property, in said schedule ' A,' before the making of the award of said arbitrators ; and the said defendants aver that said arbitrators did not, among other things, award that said defendant, Jacob A. Kanouse, should pay said plaintiff the sum of seven hundred and twenty dollars, in lieu of the interest of the said plaintiff in and to the property mentioned in said schedule ' A '; and of this they put themselves upon the country."

The following is the order of the arbitrators, under which the bond sued upon was executed :

" Whereas, it has been necessary to adjourn the arbitration in the matters of difference between Uzziel Kanouse and J. A. Kanouse, submitted to John Fulwiler, William Reynolds and

Thomas Fell, arbitrators, and whereas the parties desire a separation, and whereas neither they nor their attorneys can agree as to how that shall be done, so as to secure the property in controversy, other than to submit it to the arbitrators aforesaid; we, the arbitrators, therefore agree and determine, for the mutual benefit of the said parties, that we proceed as soon as convenient to schedule and value all the personal property now in the possession of the said parties, whether claimed or pretended to be claimed by either or both of them as partnership property, excepting only the wearing apparel and household property of Uzziel Kanouse and wife, and of J. A. Kanouse, respectively, which is to be and remain to each undisturbed or unmolested by the other; then, out of said property so valued, to set apart for the said Uzziel Kanouse and family what we may deem necessary to protect said family from the inclemency of a winter season, and an ample sufficiency to subsist upon until the final decision of the matters at variance between said parties, by said arbitrators, for which appraised property, set apart by said arbitrators, to the said Uzziel Kanouse, he to give bond to the said J. A. Kanouse, with approved security. The balance of the said property so scheduled and valued, to be retained on the farm of said parties, by the said J. A. Kanouse, he to give a like bond, with approved security, to the said Uzziel Kanouse; and that each of said parties shall deliver said valued property, or its amount in money, subject to the award finally rendered by the said arbitrators, and that the said J. A. Kanouse will waive all right that possession might legally give him in the real estate claimed by the said parties as partnership property."

The following is the award made and published by the arbitrators:

"Award of arbitrators in the words and figures following:

"We, the subscribers, John Fulwiler, William Reynolds and Thomas Fell, being arbitrators, mutually chosen by Uzziel Kanouse and J. A. Kanouse, and by them appointed by virtue of arbitration bonds, executed by each to the other, bearing

date the thirtieth day of October, A. D. 1857, having met the parties and heard their several allegations, proofs and agreements, and duly considered the same, do award and determine that the above named Uzziel Kanouse shall recover of the above named J. A. Kanouse, the sum of seven hundred and twenty dollars, and retain for his own use and benefit, all the property mentioned in schedule marked 'B,' annexed to a bond executed by the said Uzziel Kanouse to the said J. A. Kanouse, dated the 10th day of December, A. D. 1857, together with any and all other property removed by the said Uzziel Kanouse from the land or farm in Livingston county, Illinois, on which the said parties resided at the commencement of this arbitration. The said Uzziel Kanouse to do and perform in the payment of the above amount by the said J. A. Kanouse as follows, viz.: assign and set over to the said J. A. Kanouse all his interest in and to a certain agreement between the commissioner and secretary of the Illinois Central Railroad Company and the said Uzziel Kanouse, numbered 2786, and dated the 23rd day of April, 1856, for a certain tract of land, being the west half of the south-west quarter of Section No. 24, in Township No. 27 north, of Range No. 4 east of the third principal meridian, situate in the county of Livingston, and State of Illinois. Also the said Uzziel Kanouse to pay the the following claims, viz.: a note given by him to Jacob Spawr, for a plough, amounting to $11.75; a note given by him to R. Colburn, for breaking prairie, $88; a claim against him by Clagget & Mahan, for cash borrowed, $25; a claim against him by Mr. Woodbury, for hire of girl, $9; a claim against him by T. P. Kerr for lumber, $7.33. The said J. A. Kanouse, on and after the payment of the amount of seven hundred and twenty dollars aforesaid to the said Uzziel Kanouse, is to retain for his use and benefit all the property mentioned in schedule marked 'A,' annexed to bond executed by the said J. A. Kanouse to the said Uzziel Kanouse, dated the 10th day of December, A. D. 1857, together with any and all other personal property on or about said described land.

"This award being truly and faithfully done and performed by the parties aforesaid, according to the true intent and meaning hereof, all matters of difference between said parties as referred to us, by virtue of the said arbitration bonds, will be finally settled and fully paid, each party to pay the one-half of the arbitration charges for services, etc.

" Witness our hands and seals, this fourth day of May, A. D. 1858.

JOHN FULWILER.    [L. S.]
WILLIAM REYNOLDS.    [L. S.]
THOMAS FELL.    [L. S.]."

It appeared from the evidence that after defendant, Kanouse, received the property under the bond, he sold a large portion thereof, thereby putting it out of his power to surrender it when the award was published.

The court who tried the cause, by consent without the intervention of a jury, found the issues for the defendants.

Plaintiff thereupon entered a motion for a new trial, which was overruled, and the court rendered judgment in favor of the defendants for costs. Plaintiff brings the case to this court to reverse the judgment, and assigns the following errors:

1. The court erred in finding the issues for the defendants, when, by the evidence, the judgment should have been for the plaintiff.

2. The finding is manifestly against the evidence in the case.

3. The court erred in rendering judgment for defendants.

4. The court erred in overruling plaintiff's motion for a new trial.

5. The court erred in not finding the issues for the plaintiff, and in not rendering judgment for the plaintiff.

Messrs. TIPTON AND BENJAMIN, for the Plaintiff in Error.

Mr. W. H. HANNA, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The whole controversy in this case turns upon this clause in the award: "And the said J. A. Kanouse, on and after the payment of seven hundred and twenty dollars aforesaid, to the said Uzziel Kanouse, is to retain, for his own use and benefit, all property mentioned in schedule 'A,' annexed to the bond executed by the said J. A. Kanouse to the said Uzziel Kanouse, dated on the 10th day of December, 1857, together with any and all other property on or about the said described land." On the one side it is insisted, that the money awarded to plaintiff was in lieu of his interest in the property in dispute; whilst on the other it is urged, that such is not its fair interpretation. When compared with the bond, and when it is remembered that plaintiff claimed an interest in the property, and the question of the extent of that interest had been referred to the arbitrators for an adjustment, and we find that they awarded to defendant, Kanouse, nearly all of the property, and to plaintiff a specific sum of money, we are irresistibly forced to the conclusion that the sum of money was given in lieu of plaintiff's interest in the property. We should feel but little better assured of the fact, had the arbitrators said so in terms. We, in fact, can see no other reasonable solution to the matter, nor does the language of the award lead us to any other conclusion. Had they found that plaintiff had no interest in the property, what motive could have induced them to award him the money? Again, they do not say that the property was found to belong to defendant, Kanouse, but they say he may retain it for his own use, when he shall pay plaintiff the money. The necessary implication would seem to be, that the money was awarded in lieu of the property found to belong to plaintiff.

In giving a construction to the award, the court is fully warranted in considering the surrounding circumstances, and in reading it in the light they afford. And of these circumstances are the articles of submission and the execution of the bond, and its contents. By the first, we find the parties both claim-

ing an interest in or ownership of the property, about which they differed, and had agreed to have settled by the award of the arbitrators. And that the latter was executed under the order of the arbitrators, and from the order we see that they were unable to proceed without delay to settle the rights of the parties, and to make a division of the property. It therefore became necessary to provide for the custody of the property until the matter should be terminated. Hence the execution of the obligation, that it should be forthcoming to abide the award, or to pay such sum as should be awarded, in lieu of plaintiff's share. Having disposed of the property, it was reasonable, if not necessary, that they should award money in its stead. And from a careful examination of the case, we must conclude that the money was awarded in lieu of the property, and that by the terms of the obligation, defendants were liable for its payment. Defendants bind themselves by the bond to deliver the property on its being awarded to plaintiff, or pay any sum of money awarded to him, in lieu of the property, provided defendant, Kanouse, should dispose of any of the property. He did dispose of a portion of the property, and the plaintiff is entitled to recover.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*