Squires v. Anderson.

————o————

JOHN J. SQUIRES, Plaintiff in Error, *vs.* JOSIAH ANDERSON, Defendant in Error.

1. *Arbitration and award—How far conclusive.*—The award of arbitrators is conclusive as to all matters within the scope of the authority given them in the submission, but if they assume to act on questions not submitted, or fail to follow the directions in the submission in a material point, their award, in reference to such matters, will not be binding either on questions of law or fact.

2. *Arbitration, submission to—Construction of—Permanent improvements—Vines.* —A. and B. were partners in business, A. furnishing the land to be cultivated and the money necessary, B. furnishing his labor. By the terms of a submission to arbitration between them, in order to settle up the partnership, A. was to be charged for all permanent improvements made on his land by the firm. *Held,* that the increased value of vines, due to their growth during the existence of the partnership, which were growing on the farm before the partnership was formed, was not chargeable against him as permanent improvements made by the firm.

*Error to Jefferson Circuit Court.*

*Jno. L. Thomas & Bro.,* for Plaintiff in Error.

I. If the arbitrators acted within the scope of their authority in this case, there being no allegation or proof of fraud, misconduct, accident or mistake on their part, the award is conclusive upon the parties.

13—VOL. LIV.

II. They found that the increased value of the vines in dispute was a permanent improvement. The arbitrators were the final judges of both the law and the facts. (Morse Arbit., 214–220, 292, and cases cited; 316; Boston Water Power vs. Gray, 6 Met. (Mass.), 131; Valle vs. N. Mo. R. R. Co., 37 Mo., 445.)

*Jos. J. Williams*, for Defendant in Error.

I. An award is of no force at all upon any matters not embraced in the submission, and submitted to the arbitrators for their decision. (Allen vs. Galpin, 9 Barb., 246; Pratt vs. Hacket, 6 Johns., 14; Morse Arbit., 259, 260, 261; Tudor vs. Scovell, 20 N. H., 174; Bonner vs. Charlton, 5 East, 139.)

II. The construction of the award, submission, &c., belongs to the court when suit is brought to enforce the award, and if the court can see that the arbitrators have awarded upon any matter not in the contemplation of the parties, their action to that extent at least, will be held void. (Kanouse vs. Kanouse, 36 Ill., 439; Bonner vs. Charlton, 5 East, 139.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover the amount of an award made against the defendant by arbitrators chosen by the parties.

It appears by the record, that the plaintiff and defendant, in the spring of 1869, entered into partnership for the purpose of conducting the business of farming, gardening and fruit growing, and in the manufacturing and sale of farm, garden and orchard products. The business was to be conducted on the farm owned by defendant, adjoining the town of De Soto in Jefferson county, except the sale of the products was to be made in the most suitable market. The terms of the partnership were, that defendant agreed to furnish all the capital necessary to carry on the business, and to be cashier of the firm; that regular accounts were to be kept of the business; that the plaintiff agreed to give his labor,

time and best efforts, and undivided attention, to the business, and he was to have the control and management thereof, subject to the views of both parties, and was to reside on the farm without rent, and the profits were to be shared between them. In November, 1871, the parties attempted to dissolve their partnership and settle up their business, when differences arose between them in reference to the settlement, when, to adjust and settle the matters of difference, they submitted the matters in difference, by a submission in writing, to three referees or arbitrators, whose award was to be final between them. The written submission, in defining the powers of the arbitrators and directing their action in the premises, was in the following:

"The said persons, so selected as aforesaid, to act in the premises as referees and arbitrators between the said Anderson and the said Squires—and in proceeding to ascertain said balances, they are to be guided by the following principles or rules of ascertainment and decision, viz:

"First—To make a correct inventory of all the stock and property now owned by said firm, including its assets of every description, and ascertain the true balance in favor of said firm.

"Second—State the account of said firm with the said Anderson, crediting him therein with all monies advanced by him to said firm, and also with the value in wages of all labor furnished the firm by him; and debiting him with the amount, at selling rates, of goods furnished him by the firm, and with the amount obtained by him for goods of the firm sold by him, and also all amounts of money drawn by him from the firm, and with the present value of all permanent improvements made by the firm.

"Third—State the account of said firm with said Squires, crediting him with all monies advanced by him to it, or laid out by him on its account, and with all labor (his own excepted) furnished by him, and, if he boarded any hands for the firm, with the reasonable charges for such board; debiting him with all goods of the firm, at market prices, furnished

to him by the firm, and with all monies obtained by him for goods sold.

"Fourth—State the account between the said Anderson and the said Squires, showing the true balance between them."

The submission then provides, that, if any profits are shown to exist, they are to be divided equally between the parties, and provides for the manner of the distribution.

The defendant in his answer avers, that the arbitrators in making their award transcended the authority given them, in this; that they were authorized by the submission, among other things, to state an account between the defendant and the firm, in which the defendant, among other things authorized to be charged against him, was to be charged with the present value of all permanent improvements made by the firm, and that under this provision the arbitrators charged against the defendant over nine hundred dollars for the estimated improved value of grape vines growing on the farm, which were standing and growing on the farm at the time of the formation of the partnership; which improved value of the vines, already growing on defendant's farm at and before the partnership, by their natural growth while being cultivated by the partnership for the purpose of marketing or making profit from the fruit grown, the defendant insists is not comprehended in, or contemplated by, the term permanent improvements made by the firm.

The plaintiff in his replication insisted, that the estimated increased value of the vines was properly included in the charges made against defendant, and that said estimate was authorized by the clause in the submission before referred to.

The case was tried by the court. The evidence shows, that the vines were estimated as charged in the defendant's answer. At the close of the evidence, the court declared the law to be, that the improved value of the grape vines, standing and growing on the defendant's land at and before the formation of the partnership, could not properly be charged against defendant under the power given to the arbitrators

to estimate the present value of permanent improvements made by the firm. The plaintiff objected to this declaration of law, and, his objection being overruled, he excepted.

Judgment was then rendered in favor of the defendant. The plaintiff filed his motion for a new trial, which being overruled he excepted, and has brought the case here by writ of error.

The only question, presented by the parties for the consideration of this court, is whether the arbitrators, under the powers and directions given them by the submission, had the power or right, in estimating and stating the account between the plaintiff and partnership, to estimate, as permanent improvements made by the firm, the increased value of grape vines which were growing on the farm when the partnership was entered into. It is insisted by the plaintiff, that the arbitrators had full power to judge and decide both as to the law and the facts of the case; and that their award is final and conclusive on the parties. This may be, and is true, in reference to matters coming within the scope of the authority given them by the submission. But if they assume to act on questions not submitted, or fail to follow the directions in the submission in a material point, their award in reference to such matters will not be binding, either on questions of law or of fact. (Morse Arbit., 181, 259, 293 ; Valle vs. N. Mo. R. R. Co., 37 Mo., 445 ; Boston Water Power Co., 6 Met. (Mass.), 131 ; Pratt vs. Hacket, 6 John., 14 ; Allen vs. Galpin, 9 Barb., 246.)

Whether the arbitrators had authority to act in reference to any particular subject matter, or whether their award conforms to the directions and powers given them by the submission, and the proper construction to be given to the award when made, are questions to be decided by the courts; and in construing either the terms of the submission, or the language of the award, they should be construed with reference to, and in the view of, all the surrounding facts in the case. (Kanouse vs. Kanouse, 36 Ill., 439.)

The controversy in this case grows out of the construction

given to certain language used in the articles of submission. The arbitrators are authorized, in stating the account between defendant and the partnership firm, among other things, to charge him with the present value of all permanent improvements made by the firm. The arbitrators under this provision charged the defendant with the estimated improved value of grape vines planted by defendant, and which were growing on the farm at and before the formation of the partnership. The question is, was this estimated improved value of the vines properly comprehended in the language—permanent improvements by the firm? It will be recollected, that by the terms of the partnership the defendant furnished his fruit farm and all of the capital necessary to carry on the business, which may be considered his capital in the firm. The defendant on his part furnished his labor; he agreed to give his entire labor and undivided attention to the business; this labor and attention represented his capital in the partnership; the business of the firm was to cultivate the farm and market fruit, vegetables, and other products, for their joint profit, one furnishing the farm and money necessary, and the other furnishing his own labor and attention. The grape vines were growing on the farm at the time of the contract. When they undertook to dissolve the partnership, they disagreed about their accounts, and agreed to submit their differences to arbitrators for their decision or award. In their submission they gave the arbitrators specific directions as to the manner of making up the several accounts provided for, and the particular subjects and matters to be considered by them in making up the accounts. In making up the account between plaintiff and the firm, they were directed to allow him for all monies advanced by him to the firm, and for all "labor (his own excepted), furnished by him, and, if he boarded hands for the firm, with the reasonable charges for such board," &c. It will be seen by this provision, that they recognized the fact, that the plaintiff had agreed to furnish his own labor as a means of becoming a partner in the profits, which was his part of the capital, and to be performed by

Squires v. Anderson.

him as a consideration for the capital furnished by the defendant. In stating the defendant's account the arbitrators were authorized, among other things, to charge him with whatever goods he had obtained and used, which had belonged to the firm, and with the present value of all permanent improvements made by the firm. It is contended by the plaintiff, that his labor in cultivating the vines had made them grow and become more valuable, and that their increased value was a permanent improvement within the meaning of the submission; but it must be recollected, that by the partnership agreement he had agreed to furnish his own labor in cultivating the farm for a share in the profits resulting from the fruit and other produce raised on the farm, and the arbitrators were directed to allow him in the account for all labor furnished by him except his own. With all these facts in view are we to believe, that the parties intended, by the language used, to include the incidental growth of the vines, and their increased value thereby, in the terms—permanent improvements made by the firm? I cannot believe it. The natural construction of the language, particularly when we take the other facts in the case into consideration, is, that by the language used the parties only contemplated the erection of fences, the planting of new vineyards or orchards, the erection of buildings, &c., &c., all of which the plaintiff was allowed for by the arbitrators. The amount estimated by the arbitrators for the increased value of these vines being more than the whole award made in plaintiff's favor, the judgment was properly rendered for the defendant.

The other judges concurring, the judgment is affirmed.