CLARA LOREY, Appellant, v. JOSEPH LOREY *et al.,* Respondents.

St. Louis Court of Appeals, January 15, 1895.

**Arbitration:** POWERS OF ARBITRATORS. Arbitrators have no power to bind parties beyond the terms of the submission.

*Appeal from the Knox County Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*W. C. Hollister* for appellant.

*G. R. Balthrope* for respondents.

ROMBAUER, P. J.—This is a suit upon an award of arbitrators. The petition states in substance the following facts: The plaintiff, at the request of the defendants, took care of her grandmother, who was the aged

mother of defendants, for a period of six years. The plaintiff's grandmother, shortly before her death, gave to plaintiff her promissory note for $300 for the purpose of expressing the amount due plaintiff for such care. The defendants for the purpose of determining the amount due plaintiff *from themselves* agreed to submit the question to arbitrators and entered into the following submission:

"Know all men, that we, Joseph Lorey, Jacob Lorey, Peter Lorey, Frank Lorey, Clara Lorey, Malinda Kurtz, Mary Santers, of Edina, Knox county, Missouri, do hereby promise and agree to and with each other to submit, and do hereby submit, all questions, and claims between us (on the Lorey estate) to the arbitrament and determinations of Adolph Schierbrock, John A. Stauder and Wm. M. Beal, whose decisions and award shall be final, binding and conclusive on us; and, in case of disagreement, the decision and award of a majority of said arbitrators shall be final and conclusive."

The arbitrators thereupon heard the evidence, and made the following award:

"To all to whom these presents come. We, Adolph Schierbrock, John A. Stauder and Wm. B. Beal, to whom was submitted as arbitrators the matters in controversy existing between, Joseph Lorey, Jacob Lorey, Peter Lorey, Frank Lorey, Clara Lorey, Malinda Kurtz, Mary Santers, as by the condition of their respective articles of agreement executed by the said parties respectively each unto the other, and bearing date the thirteenth day of October, A. D. 1892, more fully appears.

"Now, therefore, know ye that we, Adolph Schierbrock, John A. Stauder and Wm. M. Beal, mentioned in the said articles of agreement, having been first duly sworn according to law, and having heard the

proofs and allegations of the parties and examined the matter in controversy by then submitted, do make this award in writing; that is to say: The said Clara Lorey is entitled and is hereby awarded the sum of $300, the amount of the note given to her by her grandmother, Mary Ann Lorey, deceased, with interest thereon; also, one feather-bed complete, one new carpet for 16x16 ft. room, statue of St. Joseph Crucifix, three pair lace window curtains, 24 qt. peach preserves, 3 gallon of pickles.

"In witness whereof we have hereunto subscribed these presents this fifteenth day August, A. D. 1892.

"ADOLPH SCHIERBROCK,
"JOHN A. STAUDER,
"WM. M. BEAL."

The petition claims that, upon this award, the sum of $300 is due the plaintiff from the defendants, wherefore she sues, etc.

The answer of the defendants states, in substance, that the only question submitted to said arbitrators was the plaintiff's claim against Mary Ann Lorey's estate, and not any claim against themselves individually, and that they never became responsible individually for the debts of their deceased mother in any way.

The cause was tried by jury. The arbitrators were examined, and produced notes of the entire evidence given before them. It appeared from such evidence that the only matter, on which the arbitrators heard evidence, was as to whether or not the note of $300 was executed by the deceased of her own free will, and whether the plaintiff had performed services for the deceased reasonably worth that amount. There was no testimony whatever showing or tending to show that the defendants, or either of them, ever promised to become responsible for the keeping of their mother. At the close of this evidence the court instructed the

jury to find for the defendants, to which the plaintiff excepted and still excepts. The jury thereupon found a verdict for the defendants, and, judgment being entered accordingly, the plaintiff appealed and assigns for error the court's direction to the jury as above.

The error assigned is untenable. It appears from the tenor of the submission, from the award of the arbitrators, and from the entire proceedings, that the only question to the arbitrators, on which they had any power to pass and upon which in fact they did pass, was the liability of the Lorey estate to the claim advanced. Neither in the submission, nor in the award, nor in the evidence, is there a word of any personal liability of the defendants for the claim sued upon. By the terms of the submission the claim submitted was one "on the Lorey estate." The award says that "Clara Lorey is entitled and is hereby awarded the sum of $300, the amount of the note given by her grandmother Mary Ann Lorey, deceased, with interest thereon." It is an elementary proposition that arbitrators have no power to bind parties beyond the terms of the submission. *Squires v. Anderson*, 54 Mo. 193. Nor is there any evidence in this case that they attempted to do so in this instance.

The judgment is affirmed. All concur.